CRAIN, Judge.
These appeals stem from two suits for bodily injury and property damage arising from the explosion of a home in a sub-division in Morgan City, Louisiana. This complex litigation included eleven consolidated suits. On the day upon which the trial was to begin, appellants in these two suits filed a motion to stay the proceeding which was denied by the trial court. Appellant then presented a motion for continuance which was denied. Thereafter when ordered by the trial court to proceed, appellants’ counsel failed and refused to do so. Upon motion of all defendants, the trial court then dismissed appellants’ suit with prejudice and this appeal has resulted.
The explosion giving rise to these lawsuits occurred on July 11, 1969. The two lawsuits involved in this appeal were filed on December 11, 1969. The plaintiffs in the two suits claim property damage and damages for personal injury. The petitions were amended in July, 1970 and in due course all defendants filed their answers and additional pleadings. The defendants named by the plaintiffs in both suits were R. A. Bussell, the owner of the premises upon which the explosion allegedly occurred, Allstate Insurance Company, the homeowner’s liability insurer of Bus-sell, The City of Morgan City and its liability insurer, J. Ray McDermott and Company, Inc., Friedrich Refrigerators, Inc., Gulf Coast Electrical Supply Company, Inc., and Master Electric Service Company, Inc.
On October 10, 1972, a pre-trial conference was held and trial was assigned for February 5, 1973. On November 27, 1972, the defendants and third party defendants moved to require plaintiff-appellants to furnish a bond for costs. On December 8, 1972, the court granted the motion as to Morgan City and its insurer, ordering appellants to post a $2,000.00 bond within 20 days or suffer dismissal of their claims as against Morgan City and its insurer. Appellants failed to post the required bond and dismissal of their suits without prejudice as to Morgan City and its insurer was signed on January 3, 1973.
On January 10, 1973, plaintiffs filed suits in Orleans Parish against the same defendants sued in the St. Mary proceedings, including Morgan City and its insurer who had been dismissed from the St. Mary Parish suits.
On January 24, 1973, appellants filed a motion to stay the St. Mary Parish suits which was assigned for hearing on the date of the trial, February 5. At the hearing on the motion, appellants contended they had filed actions involving the same explosion against the same defendants including the City of Morgan City and its in *430 surer in Orleans Parish and that the St. Mary Parish actions should be stayed to allow the Orleans Parish actions to proceed since the Orleans’ action involved all the defendants appellants wished to proceed against. Appellants contended that this fact was critical to their case since the doctrine of res ipsa loquitur was applicable requiring each defendant to show he was free from negligence. The fact that some of those who were party defendants in the Orleans suit were not defendants in the St. Mary’s suit would possibly prejudice appellants if the St. Mary’s suit was allowed to proceed since the person responsible may or not be a defendant in that suit. The trial court denied this motion on among other grounds its finding that a motion to stay a proceeding between two Louisiana courts was not available under the circumstances as they existed in the instant suit. We feel the trial court was correct in this holding.
Although Article 532 of the Code of Civil Procedure provides for a motion to stay in suits pending in a Louisiana court and a Federal court or a Louisiana, court and the court of a sister state where the parties and causes of action are identical, a motion to stay is not available to a litigant involving identical suits filed in different Louisiana state courts. Article 531 of the Code of Civil Procedure clearly sets out the available procedural device to prevent dual trial of duplicate suits in Louisiana courts, which is an exception of lis pendens under Article 925 of The Louisiana Code of Civil Procedure. The defendant only is given the right to urge the exception and in the event he fails to do so, the plaintiff can prosecute either of the actions. The first final judgment rendered is conclusive. There is no statutory or jurisprudential authority requiring a trial court to stay a proceeding on motion of a plaintiff or even permitting such when identical suits are filed in two Louisiana courts. In situations where the stay is permitted the granting of such is permissive not mandatory. Consequently, without here deciding whether the suits filed in Orleans and St. Mary parishes contain identical parties or causes of action, we hold that no stay was available in the St. Mary suits, and the trial court correctly denied the motion.
After the denial of the motion to stay, the appellants moved for a continuance based on the alleged fact that Clarence W. Ramshur, one of the plaintiffs, was too ill to appear. In support of his motion, appellants’ counsel produced a handwritten memorandum of Ramshur’s attending physician. Objections were urged by appellees as to the admissibility of the memorandum in the absence of the physician. The trial court denied the motion, but offered to hold the record open to allow the appellants to take Ramshur’s testimony by deposition. When counsel for appellants refused to proceed further, the trial court dismissed the suits on motions of defendants.
The allowance of- a continuance is in the trial court’s discretion under Article 1601 of the Code of Civil' Procedure. Under Article 1602, a continuance must be allowed if the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case. The trial court couched its holding under Article 1601 providing for the granting of a continuance at his discretion thereby holding by implication that appellants had not proved the peremptory grounds for a continuance under Article 1602. We find no manifest error in the trial court’s conclusion. The only evidence submitted as to Ramshur’s incapacity was an ex parte statement of his treating physician. It was promptly objected to by opposing counsel. This is insufficient as evidence to prove his unavailability. In addition, appellants failed to prove due diligence in procuring the evidence. One of the contentions leading to the trial court’s refusal was that in the four years in which the action had been pending, Ramshur’s deposition had not been taken. Also no showing of materiali *431 ty regarding Ramshur’s testimony was produced. Pertinent here is the fact that the stay was requested on the grounds that the doctrine of res ipsa loquitur is applicable and the defendant who knew the cause of the accident might not be before the court in St. Mary. Surely this position would necessitate a showing as to how Ramshur’s testimony would be material especially in the Sauce case where he was not a party, since res ipsa admits that the cause of the occurrence is peculiarly within the knowledge of the defendant.
We also feel that the trial court did not abuse its discretion under Article 1601 in denying the continuance, but holding the record open for Ramshur’s testimony. The case of Manley v. Manley, La.App., 203 So.2d 832, writ refused, 251 La. 734, 206 So.2d 90, presented similar facts. There, as in this case, a party was in poor health and allegedly unable to appear for trial. The court upheld the trial court in its refusal of the motion for continuance and its order that the record be held open for the party’s testimony to be included.
In the recent decision of Powell v. Giddens, La.App., 271 So.2d 596, we once again reaffirmed the general rule that this court will not overrule a trial court in a discretionary decision unless it is clear that he abused his discretion. We find no such showing in this case.
Subsequent to the trial court’s denial of the plaintiff’s motion for continuance, the trial court ordered that the trial proceed with the record to be held open for Ram-shur’s testimony. Appellants counsel then informed the court that he could not proceed without Ramshur physically present to assist in the case and further that he intended to apply for supervisory writs on the court’s decision regarding his motion for stay and continuance. The trial court then entertained a motion to dismiss both suits with prejudice. The questions presented for our determination are whether a trial court is authorized and empowered to dismiss a suit with prejudice where the plaintiff’s counsel appears for trial but refuses to proceed. If the trial court has this authority, then was it an abuse of discretion for the trial court to dismiss the actions in this case ?
In the case of Lewis v. New York Fire and Marine Underwriters, Inc., 233 So.2d, 743 (La.App. 4th Cir.1970), the court was faced with a factual situation similar to the one at bar. The lower court had dismissed the plaintiff-appellant’s suit with prejudice after the plaintiff refused to proceed with the trial when the court denied his motion for a continuance. It was held that the trial court had the authority under LSA-C.C.P. 1672 to dismiss the plaintiff’s suit when he failed to proceed with trial, rejecting plaintiff’s argument that this power exists only where plaintiff fails to appear under the terms of the article. We feel that the well-reasoned decision is determinative of the first issue presented above.
We also hold, as in the Lewis case, that the dismissal ordered by the court could have been with or without prejudice in the trial court’s discretion. We feel that the trial court in the case at bar did not abuse its discretion in dismissing the two cases with prejudice. There were very cogent reasons for doing so. The litigation had been pending for over five years. The defendants were ready for trial and many witnesses including experts had been subpoenaed and were present. The record was to be held open for Ram-shur’s testimony to be taken and introduced when he was physically able. The granting of a dismissal without prejudice would in effect give appellants the relief they had been denied in their request for a continuance. It would also have the effect of granting the stay which had been previously denied. The only effective way the trial court could exercise its discretion in refusing the continuance was to further exercise its discretion to dismiss with prejudice. We find no abuse of the trial court’s discretion in doing so. Consequently we af *432 firm the decision of the trial court dismissing appellants’ suit, all cost to he paid by appellants.
Judgment in Number 9548.
Affirmed.
JUDGMENT IN NUMBER 9547
For the reasons set forth above, the judgment of the trial court dismissing plaintiff’s suit is affirmed, all costs to be paid by appellant.
Affirmed.