298 So.2d 832 (1974)
Elise Cecile SAUCE, wife of/and Larry A. Sauce, Individually and on behalf of their minor children, Corey P. Sauce, et al.
v.
R. A. BUSSELL et al.
C. W. RAMSHUR and Mrs. C. W. Ramshur
v.
ALLSTATE INSURANCE CO. et al.
No. 54341.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
Gerald Thos. LaBorde, LaBorde & Brooks, New Orleans, for plaintiffs-applicants.
Timothy J. McNamara, Davidson, Meaux, Onebane, Donohoe, Bernard, Torian & Diaz, Lafayette, Michael J. McNulty, Jr., Bauer, Darnell, McNulty & Boudreaux, Jack C. Caldwell, Aycock, Horne, Caldwell, Coleman & Duncan, Franklin, Welton P. Mouton, Sr., L. H. Olivier, Welton P. Mouton, Jr., W. Gerald Gaudet, Voorhies & Labbe, Lafayette, John M. Duhe, Jr., Caffery, Duhe & Davis, New Iberia, for defendants-respondents.
MARCUS, Justice.
The sole issue presented for our review is whether the trial court abused its discretion in denying plaintiffs' motion for a continuance and dismissing their claims with prejudice.
In order to resolve this issue, it is necessary to consider the posture of this litigation at the time the trial judge rendered his judgment.
These are two of eleven consolidated lawsuits arising out of an explosion at the residence of R. A. Bussell at 3004 Helen Drive, Morgan City, on July 11, 1969. Plaintiffs in each lawsuit reside in residences *833 adjoining the Bussell residence. It is alleged that the explosion was due to a gas leak in the Bussell residence, causing extensive property damage and personal injuries to the plaintiffs. The two lawsuits here involved were filed in St. Mary Parish on December 11, 1969 (Ramshur) and July 9, 1970 (Sauce). Made defendants were: R. A. Bussell; his liability insurer (Allstate); the City of Morgan City; J. Ray McDermott and Company, Inc.; Friedrich Refrigerators, Inc.; Gulf Coast Electrical Supply Company, Inc.; and Master Electric Service Supply Company, Inc.
In due course, defendants answered; several defendants filed third party demands; some third party defendants filed further third party demands. All third party demands were ultimately answered. Depositions were taken. Interrogatories and cross-interrogatories were served and answered by the various parties to the litigation.
On July 19, 1972, the trial court issued an order consolidating all eleven cases for trial. A pre-trial conference was set for October 6, 1972, and the trial date was fixed for December 4, 1972. The pre-trial conference was later reassigned for October 10, 1972, at which hearing the usual pre-trial matters were handled. A further conference was set for November 1, 1972.
Defendant Allstate, on November 2, 1972, moved for a continuance of the trial date due to a trial conflict. The trial date was reset for February 5, 1973. On November 21, 1972, several defendants and third party defendants moved for a bond for costs against plaintiffs in these two lawsuits in the total amount of $10,000.00. A hearing on this matter was set for October 8, 1972. After said hearing, the rule was made absolute ordering the Ramshur and Sauce plaintiffs to post security of $2,000.00 within twenty days; otherwise, their claim against the City of Morgan City and its insurer would be dismissed as of non-suit. The security was not posted; consequently, on January 3, 1973, the court dismissed plaintiffs' suits against the City of Morgan City and its insurer as of non-suit and without `prejudice. On January 11, 1973, the Clerk of Court also moved for a bond for costs against these same plaintiffs for a total of $10,000.00. The rule was set for January 22, 1973; however, it was continued without date, and, on January 25, 1973, the rule was dismissed on motion of the Clerk of Court. It is significant to note that these motions for bond for costs were directed only at the Ramshur and Sauce plaintiffs and not at the plaintiffs in the other nine consolidated suits.
On January 19, 1973, plaintiffs moved to stay the proceedings herein due to the fact that they had filed another suit in the Civil District Court for the Parish of Orleans which included the City of Morgan City and its insurer, who had previously been dismissed for failure of plaintiffs to post cost bond. Movers further alleged that they had added an additional defendant to the Orleans Parish suit. This rule was fixed for February 5, 1973, the date set for the trial on the merits.
The trial judge denied the motion to stay on the ground that the facts herein did not authorize such a procedure under Article 532 C.C.P. Thereafter, plaintiffs moved for a continuance on the ground that the plaintiff, Mr. C. W. Ramshur, was critically ill and unable to withstand the ordeal of a trial at this time and that, without the presence of Mr. Ramshur, plaintiffs would not be able to proceed with the trial. Annexed to plaintiffs' motion for a continuance was a letter from Dr. Harry H. Philabert, dated January 29, 1973, setting forth that Mr. Ramshur was not physically and emotionally able to participate in a trial at this time.
The trial judge denied the motion for a continuance and ordered plaintiffs to proceed with the trial. The judge agreed to hold the case open for the taking of the deposition of Mr. Ramshur. Counsel for *834 plaintiffs advised the court that he was unable to proceed without the assistance of Mr. Ramshur and was not ready for trial. Thereupon, the trial judge informed counsel for plaintiffs that, if a motion for dismissal of the actions were moved for by defendants, he would have no alternative except to grant same. Such a motion was made, and the trial judge dismissed plaintiffs' suits with prejudice. Appeal was taken and the Court of Appeal, First Circuit, affirmed.[1] We granted certiorari.
The pertinent articles of the Code of Civil Procedure dealing with the issue involved herein are:
Article 1601 C.C.P.
"A continuance may be granted in any case if there is good ground therefor."
Article 1672 C.C.P.
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
We must first consider whether the trial judge abused his discretion in failing to grant plaintiffs a continuance under the facts and circumstances of this case.
It is a well-established rule that the trial judge has wide discretion in acting upon a motion for continuance. His ruling will not be disturbed on appeal in the absence of clear showing of abuse of that discretion. Article 1601 C.C.P.; Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972). While recognizing the much discretion which is vested in a trial judge in the matter of granting or refusing continuances, it has never been held that such discretion is absolute or that it may be exercised arbitrarily. This Court is vested with the right and duty to correct such errors by the trial judge in matters of this kind. However, it should be pointed out that appellate courts only interfere in such matters with reluctance and in what are considered extreme cases. State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630 (1935); Lindsey v. Escude, 189 So.2d 465 (La. App.1966); Chedotal v. Richard, 183 So.2d 665 (La.App.1966).
We consider this an extreme case. It appears to us that a refusal to grant plaintiffs further time under the circumstances herein would result in an injustice. It would deprive plaintiffs of their day in court. While it is true that this litigation had been instituted some three years previous, the record clearly indicates that this time had been consumed by the filing of numerous third party demands, depositions, interrogatories and cross-interrogatories. These pleadings and discovery devices continued practically up to the trial date. According to the record, the plaintiffs had never moved for a continuance nor is there any indication of any attempts by them to delay the trial procedures. The only motion for a continuance of the trial date was that of defendant Allstate. Furthermore, it is understandable that plaintiff attorney would want the presence of Mr. Ramshur at the time of the trial. The statement of the attending physician attached to his motion for a continuance clearly states that Mr. Ramshur was physically and emotionally unable to appear on the date of the trial, and it would be three months before he could safely do so without danger to his physical state. It was stated in argument before this Court that Mr. Ramshur has had an arterial transplant, and his health is precarious.
The motion for continuance avers that Mr. Ramshur's testimony is critical not only to his own case but also to the Sauce case; that Mr. Ramshur's illness for the past two years, resulting from injuries sustained by this accident, has prevented him from conferring with his own attorney for preparation of this trial; and that counsel cannot present the case for Ramshur and *835 Sauce without the attendance at trial of Mr. Ramshur.
In view of these circumstances and the fact that no previous continuance had ever been sought by these plaintiffs, the denial of this motion by the trial judge was an abuse of discretion.
It is significant that, after the denial of the motion for continuance and dismissal of these suits with prejudice, the trial judge entertained and granted motions for continuance in the remaining nine suits set for trial on that date. It seems more than passing strange that it was so imperative to proceed to trial, so as to suffer the penalty of dismissal with prejudice as to the Ramshur and Sauce suits for their failure to proceed, and yet to allow the continuance of trial of the nine other pending actions.
Having found an abuse of discretion in the denial of the motion for continuance, it is unnecessary for us to decide the correctness of the action dismissing the suits with prejudice under Article 1672 C.C.P.
For the reasons assigned, the dismissal entered by the trial judge is set aside; the trial court's refusal to grant a continuance is set aside; the case is remanded to the trial court for proceedings consistent with the views expressed herein.
DIXON, J., concurs.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
I do not agree that the action of the trial judge in denying a continuance and dismissing plaintiffs' suits was arbitrary or an abuse of the discretion invested in the trial judge by law. La.Code Civ.Proc. arts. 1601-1605, 1631, 1671, 1672; Powell v. Giddens, 271 So.2d 596 (La.App.1972). The very thorough and cogent reasons assigned by the trial judge adequately justify his action. I quote these reasons here:
"The above numbered and entitled matters were fixed for trial on their merits this day at the Court House in St. Mary Parish. Upon the matter being called for hearing, counsel for plaintiff in both cases submitted to the Court a Motion to Stay Proceedings in both of the above matters, in favor of a suit presently pending in the Civil District Court for the Parish of Orleans, Division `D', entitled `Opal Ray Ramshur versus J. Ray McDermott Company, Incorporated, et al,' which bears docket number 550-213, which suit was filed January 10, 1973. The suit filed within the Parish of Orleans, above numbered and entitled, is one between all of the same parties involved in the above numbered and entitled actions filed in the Parish of St. Mary, with the exception that the City of Morgan City and U.S.F. & G., although previously, were defendants in the St. Mary Parish suit; the St. Mary Parish suits were, as to them, dismissed without prejudice, as is more specifically set forth hereafter. Additionally, Leon Naquin and Sons Electrical Contractors, Incorporated were not made defendants in the St. Mary Parish suit; however, they are named as defendants in the suit filed by Sauce and Ramshur in the Civil District Court for the Parish of Orleans. With the above exceptions, these suits and the suit filed in the Parish of Orleans, as aforesaid, on January 10, 1973, are between the same parties, in the same capacities, and have the same object.
"The plaintiffs motion to stay proceedings in the St. Mary Parish suits, which, as aforesaid, were filed in December of 1969, in favor of the suit only recently filed in the Parish of Orleans is grounded principally on the basis that the exceptions of lis pendens filed by most, if not all, of the defendants in the above suits in the Parish of Orleans suit will not be sustained because there are not *836 identical parties involved in each of the suits; and secondly, because the essence of the case turns in great part upon the application of the doctrine of res ipsa loquitur; and since the City of Morgan City and U.S.F. & G. have been dismissed from the St. Mary Parish suits, all parties will not be before the Court if these matters are tried in preference to the suit filed in Orleans Parish.
"This Court refuses to sustain the motion to stay these proceedings, being of the opinion that although the Civil District Court for the Parish of Orleans, as well as the Parish of St. Mary, are both a proper venue for the trial of these matters, this Court in the Parish of St. Mary has preference in that this was the initial forum chosen by the plaintiffs and has been the forum for these actions since December of 1969. In addition, the Court feels satisfied, although a passage upon this point is unnecessary, that the pleas of lis pendens thus far filed by most, if not all of the defendants in the Parish of Orleans would be sustained in that those parties who are defendants in the Orleans Parish suit as well as defendants in the St. Mary Parish suit have been joined in a cause of action having the same object and, as to these parties, is an action between the same parties in the same capacity; and certainly, insofar as they are concerned, in my judgment, the pleas of lis pendens would be well taken.
"Insofar as plaintiffs' argument that these proceedings should be stayed in favor of the Orleans Parish proceedings because final resolution of this case will turn in great part upon application of the doctrine of res ipsa loquitur, the Court finds that although after these matters are tried it may be determined that this doctrine is or is not applicable and that it would be preferable if all possible parties responsible for the damages are joined in one action; the fact that the City of Morgan City and U.S.F. & G. are not parties to the St. Mary Parish proceedings is because of fault attributed to the plaintiffs and not to the defendants who now remain parties to these suits. This is so because after these suits were pending for some time, these two defendants, the City of Morgan City and U.S.F. & G., filed a motion for security for costs, which motion was heard by this Court on December 8, 1972. After a hearing on this motion, the Court determined that these defendants were entitled to a bond for security for costs and ordered that the plaintiffs furnish such bond, fixed at the amount of $2,000.00, within twenty days of the date on which the motion was made absolute. The plaintiffs failed to file the bond as ordered by the Court within the delay; and thereafter, these defendants filed a motion seeking dismissal of the plaintiffs' actions against them and this motion was granted, dismissing the plaintiffs' suits against the City of Morgan City and U.S.F. & G. without prejudice.
"Subsequent to this action, instead of filing a new suit against these same two defendants in the same forum, that is, the Parish of St. Mary, the plaintiff chose to file suit against these two defendants and all of the other parties named defendant in these suits in the Parish of Orleans.
"The above resumé indicates rather clearly that if there is not a single forum for a disposition of the plaintiffs' claims against all possible defendants, then the fault for this happening can be attributed solely to the actions of the plaintiffs, in first failing to comply with the Court's order by submitting a bond for security for costs and suffering their suits to be dismissed insofar as the City of Morgan City and its insurer are concerned; and secondly, by refiling the same suits against these same two defendants not in the Parish of St. Mary where the other suits were pending against all of the other defendants, but rather in the Parish of Orleans. The *837 Court is not aware that the decision in Moak v. Link-Belt Company [La.App.], 229 So.2d 395, stands for the proposition that in all instances where the doctrine of res ipsa loquitur is to be invoked all parties who might even remotely be connected with the matter be joined in one action.
"In addition to the above, the Court points out that insofar as Leon Naquin and Sons Electrical Contractors, Incorporated are concerned, that this defendant was not originally made a defendant in these proceedings when the above suits were filed in the Parish of St. Mary and have never been made parties to these suits, but were only made parties to the action filed in the Parish of Orleans. The Court is informed that this defendant has filed an exception of prescription in the Parish of Orleans, which exception, presumably, would have merit. In addition, the Court notes that Fred Carreras Mechanical Contractors, Inc. occupies the same position in relation to the above suits as does Leon Naquin and Sons Electrical Contractors, Incorporated; and this Court's comments in regard to the defendant Naquin apply as well to Fred Carreras Electrical Contractors, Inc.
"In addition, the Court has been unable to find any procedural article in the Code of Civil Procedure which would support the motion filed by the plaintiffs in that so far as I have been able to determine, a motion to stay proceedings between two Louisiana state courts is unknown.
"For all of the above reasons, the Court determines that plaintiffs' motion to stay the proceedings in this matter in favor of those filed in the Parish of Orleans on January 10, 1973 was without merit and it will be and the same is hereby overruled.
"Subsequent to the Court's ruling on this motion to stay proceedings adverse to the plaintiffs, the Court was furnished by counsel for plaintiffs with a motion on behalf of the plaintiffs in both of the above numbered and entitled matters seeking a continuance of the trial. The basis for this continuance as set forth in the motion filed by the plaintiffs being that the plaintiff in one of these suits, C. W. Ramshur, was physically and emotionally unable, by reason of this physical and emotional condition, to be present on this date. Annexed to his motion was a certificate presumably written, dated and signed by one Harry H. Filabert, M.D., which is self-explanatory, and which indicates that although Mr. Ramshur's physical and emotional condition has improved over the past several months, that he is presently physically and emotionally unable to participate in a trial. The doctor, in his certificate, recommends at least another three months, at which time he would be able to evaluate his condition. The Court notes that this motion for a continuance was filed on the date of trial; in fact, the Court nor the other defendants represented by counsel were made aware of plaintiffs' intention to file this motion until after the Court had denied plaintiffs' motion to stay proceedings. Counsel for the defendants objected to the ex parte, hearsay nature of the certificate of Dr. Filabert and called the Court's attention, for whatever its worth might be, to opinions of the Court of Appeal reported in [Adamson v. Westinghouse Elec. Corp.] 236 So.2d 556 and in [Hillebrandt v. Holsum Bakeries, Inc.] 267 So.2d 608, wherein reference to Dr. Filabert is set forth.
"Counsel for plaintiffs, when asked by the Court as to why Dr. Filabert was not present for examination and cross examination as to plaintiff C. W. Ramshur's condition in support of the motion for a continuance, replied that he thought it unnecessary.
"The Court was loath to continue the above numbered and entitled matters, together with other matters with which *838 same are consolidated for trial in that, as aforesaid, these matters have been pending since December of 1969. After substantial pretrial proceedings and after a pretrial conference held in October of 1972, these matters were finally fixed for hearing on their merits on December 5, 1972. These matters were continued from December 5, 1972 for trial on today, February 5, 1973. All parties to these suits have been aware for several months of the fixing of these matters for trial on today, February 5, 1973; yet counsel for plaintiff chose to apply for a continuance because of the reasons set forth in his motion, and apprised the Court and the other defendants of his intention to apply for a continuance only on the day set for trial.
"In a spirit of fair play and in an attempt to secure justice to all parties to this suit, bearing in mind that all of the defendants yet parties to the above numbered and entitled matters were present in Court and ready for trial, this Court offered to the plaintiff that the record would be left open for the taking of the deposition of Mr. Ramshur, but that the Court would deny the continuance because of the fact that these matters had been set for sometime and that all parties were ready for trial. This was the Court's ruling: The Court ruled that the motion for a continuance would be denied; however, the record would be left open for the taking of the deposition of Mr. Ramshur.
"Subsequent to this ruling by the Court, the Court informed the plaintiffs' counsel that he should proceed and he then informed the Court that he was not ready for trial, and would not proceed to prosecute plaintiffs' claim. The Court reminded counsel for plaintiffs that if he chose not to prosecute the claims of his clients that if a motion for a dismissal of the actions were moved for, that the Court would have no alternative other than to grant same. Thereupon, counsel for plaintiff again informed the Court that he would not prosecute the claim of plaintiffs. Subsequent to this, counsel for all defendants moved the Court to dismiss the above matters with prejudice. Considering this motion and for the reasons set forth above, the Court then ordered that the plaintiffs' above numbered and entitled suits, insofar as all remaining defendants therein, would be dismissed with prejudice and at the plaintiffs' cost. The Court considers this action to be supported by the provisions of Article 1672 of the Louisiana Code of Civil Procedure. Although this article makes reference to the failure on the part of a plaintiff to appear on the date set for trial, the Court feels that the facts of this matter, as set forth above, warrant a finding that although plaintiffs' counsel was present in Court on this day, that his action and his refusal to proceed pursuant to the Court's order denying the continuance amounts to a failure on the part of the plaintiff to appear.
"This ruling of the Court finds support in the recent case of Clifford Lewis v. New York Fire & Marine Underwriters, Inc., 233 So.2d 743, wherein the Fourth Circuit Court of Appeals stated as follows:
`We believe it is implicit in the structure of LSA-C.C.P. Art. 1672 and in the statutory discretion of the trial judge to deny a continuance (LSA-C. C.P. Art. 1601).
`LSA-C.C.P. Art. 1672, reads as follows:
`"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the Court shall determine whether the judgment of dismissal shall be with or without prejudice."
`It is obviously true that the language of the Article refers only to the failure to appear. It is equally true the Article *839 literally construed has little functional value. Surely this is the case if the Article requires no more than that a party or an attorney drop by on the day of trial, bid the court good morning and leave.
`The same may be said of the discretion to grant or deny a continuance. If a trial judge is without authority to dismiss for failure to prosecute at trial his authority to deny continuance on that date for that cause is meaningless. Good sense and the rational approach to procedure essential to the implementation of our Code demand more. We believe that LSA-C.C.P. Art. 1672 requires that a plaintiff not only appear but also that he proceed with his case if ordered to do so by the court. We are reinforced in this view by the language of older decisions which speak of the obligation to appear and prosecute. See Saunders v. Mangum, 42 La. Ann. 770, 7 So. 715, and Warfield v. Hamlet, 28 La.Ann. 814, both decided under Art. 536 of the Code of Practice, the forerunner of LSA-C.C.P. Art. 1672. We are also guided by the holding (though not the language) of this court in Berger v. Johnson, La.App., 141 So.2d 164 (4th Cir. 1962).
`We do note that the duty to proceed or to plead one's cause was more definitively set out in the language of Art. 536 of the Code of Practice, which provided:
`"If, after the cause has been set down on the docket for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of nonsuit be rendered against such plaintiff, with costs. * * *"
`The comments, however, to Art. 1672 make it clear that there was no intent to change the law.'"
In my view, under the circumstances of this case, counsel for appellant has shown no reason why he would be prejudiced by the offer of the trial judge to leave the record open for the taking of plaintiff's testimony at a later date. Considering the many parties, witnesses and counsel assembled for the trial on February 5, 1973 after adequate notice to all concerned, and the fact that this matter had been pending since December 1969, arbitrary conduct, if any is involved, is more properly chargeable to appellant's counsel for adamantly refusing to go forward with the trial and taking the ill plaintiff's testimony later. Moreover, it taxes credulity to consider these circumstances as anything other than an effort by plaintiffs' counsel to delay and retard the action. It is as our learned brothers said in Perigoni v. McNiece, 262 So.2d 407 (La.App.1972), "Defendant could have asked for the continuance long before he did, however, his tardiness shows an attempt to confuse the issues by delay." See also Powell v. Giddens, 271 So.2d 596 (La. App.1972); Thompson v. Warmack, 231 So.2d 636 (La.App.1970); L'Enfant, Procedure, Involuntary Dismissal, 31 La.L. Rev. 361 (1971).
Appellant subpoenaed no witnesses; no depositions had been taken in preparation for trial; the individual parties plaintiff, other than the plaintiff who was alleged to be ill, were not present in court; no pretrial memorandum had been filed by plaintiffs as the rules of the Sixteenth Judicial District Court require, though counsel for defendants had complied; and the motion for continuance was filed only after the motion to stay was denied, and plaintiffs were given every opportunity to proceed with trial, with the case being left open to take the testimony of the party who was ill. Plaintiffs, defendants and third party defendants in nine other consolidated cases were present and ready for trial.
We must not lose sight of the right of a trial court to enforce its own rules and orders to insure the proper and orderly flow of business on its docket. Without the authority to require cases on its docket to be heard when they are supposed to be heard *840 and to sanction litigants who fail to abide by the trial court rules, how is the orderly dispensation of justice to be assured by the trial judge?
I respectfully dissent.
NOTES
[1] 288 So.2d 428.