MOTION TO REMAND
FORET, Judge.
The plaintiff-appellant, Norris Dale Jackson, seeks an order remanding the case to the Clerk of Court for the Seventh Judicial District Court, Catahoula Parish for completion of the record.
*200 The plaintiff filed suit to recover damages for personal injuries he claims to have suffered when he fell while stepping out of an elevator in the Catahoula Parish Courthouse. The plaintiff claims the elevator malfunctioned, stopping six to twelve inches above floor level. As a result of the fall, plaintiff claims he suffered a ruptured lumbar disc which herniated two years later resulting in his becoming a paraplegic. The jury returned a verdict in favor of the defendant and the trial court dismissed plaintiff’s claim with prejudice.
Upon appeal, the plaintiff assigns four errors to the trial court: (1) the refusal of the trial judge to recuse himself; (2) the trial judge committed reversible error on voir dire; (3) the failure of the trial judge to grant a continuance; and, (4) the jury’s verdict is inconsistent with the law and facts.
In the motion to remand, the plaintiff seeks to have the following proceedings transcribed and made a part of the record: (1) remarks made by counsel on voir- dire; (2) the motion for a continuance; and, (3) the motion for recusation.
LSA-C.C.P. Article 2128 provides in pertinent part: “The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution”. Rule 1, Section 3 of the Uniform Rules of the Court of Appeal sets forth in detail the form and content of the record on appeal. The transcript of the voir dire examination and preliminary motions are not listed as required contents of the record. However, where issues are raised on appeal which require such portions of the transcript be made a part of the record the appellate court may, at its discretion, order that the record be supplemented to include such testimony. Fontenot v. Garland, 352 So.2d 251 (La.App. 3rd Cir. 1977), writ refused, 353 So.2d 1339 (La.1978); Augustine v. Washington Parish Police Jury, 383 So.2d 1271 (La.App. 1st Cir. 1980), writ denied, 386 So.2d 1379 (La.1980).
Four days before trial, plaintiff filed a motion to recuse the trial judge because the trial judge had been listed as a witness by the defendant and plaintiff desired to call the trial judge as a witness. The trial judge denied the motion for recusation on the day of the trial. In written reasons, the trial judge stated that at the hearing on the motion for recusation the defendant said that it would not call the trial judge to testify. The plaintiff indicated he might possibly call the trial judge to testify. Neither party sought to have the trial judge summoned as a witness. The trial judge concluded that the possibility of his being called to testify by the plaintiff did not satisfy the ground for recusation under LSA-C.C.P. Article lblil).[1] At no time during the trial did the plaintiff attempt to call the trial judge to testify. Hence, that issue is now moot.
At the time the trial judge denied the plaintiff’s motion for recusation he also denied plaintiff’s motion for a continuance. The plaintiff sought a continuance because one of his three counsel was not present on the first day of trial. The plaintiff alleges the court minutes showing all three of plaintiff’s counsel to be present is in error. The record does show the missing counsel to be present on the second day of trial which began with the plaintiff’s opening statement. No reason is given by the plaintiff for the counsel’s absence other than plaintiff’s belief the trial judge would recuse himself and grant a continuance.
The plaintiff did not allege a peremptory ground for a continuance. LSA-C.C.P. Article 1602. Thus, the trial judge had wide discretion in acting upon the motion for continuance. LSA-C.C.P. Article 1601. For this court to reverse there must be a showing that the trial judge clearly abused his discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974).
The plaintiff’s motion does not show how the addition to the record of the testimony *201 taken at the hearing on the motion for continuance: (1) will prove the trial judge abused his discretion; or, (2) show the plaintiff was prejudiced by the trial judge’s refusal to grant a continuance. Absent such a showing, this court will not remand to have the transcript of the proceeding made a part of the record.
The plaintiff seeks to add the transcript of the proceedings at voir dire to the record alleging the trial judge committed reversible error at voir dire. However, the plaintiff’s motion does not state the nature of the trial judge’s error. Such an allegation, standing alone, is insufficient to warrant this court bringing about further delays by remanding the case for the transcription of the proceedings at voir dire.
For the above and foregoing reasons, the motion to remand is denied at plaintiff-appellant’s cost.
MOTION DENIED.

. LSA C.C.P. Article 151(1) states:
“A judge of any court, trial or appellate, may be recused when he: (1) Is a material witness in the cause;