LOBRANO, Judge.
Andre LaBorde filed this suit to interdict his elderly grandmother, Pauline Menendez Salzer (Salzer). Salzer opposed the interdiction and subsequently a trial on the mer *167 its was held. The trial judge refused to grant a full interdiction, finding that appel-lee was able to care for herself adequately. Instead, concern that Mrs. Salzer was incapable of managing her large estate, the trial judge granted á judgment of limited interdiction and appointed appellee’s sister Alice Menendez as curator. From that judgment LaBorde has perfected this appeal.
The pertinent facts are as follows: Mrs. Salzer is currently 92 years old. At the time her grandson filed this petition for interdiction she was 90 years old and recovering from a fractured right shoulder. Pri- or to the time of her injury, Salzer had resided with her younger sister, Mrs. Alice Menendez. Following her release from Mercy Hospital after her injury LaBorde had her placed in the Lutheran Nursing Home pending the outcome of these interdiction proceedings. Salzer obtained a court order releasing her from the nursing home and permitting her to return to the residence of her sister.
At the trial contradictory testimony was adduced regarding Mrs. Salzer’s ability to care for herself and her estate. Dr. Cul-ver, a psychiatrist called by LaBorde testified that Mrs. Salzer was suffering from organic brain syndrome which is also known as senile dementia. It is his feeling that this interfered with her capacity to take care of her daily needs and to attend to matters having to do with her property and finances. This opinion was based on an examination during which he asked her several questions regarding well known facts, math operations and inquiries that would reveal her orientation to her surroundings.
Dr. Paul Naceari, Mrs. Salzer’s family physician, testified that she was aware of her surroundings, although forgetful of more immediate things. Based on his examination Dr. Naccari concluded that Mrs. Salzer could care for both herself and her estate.
The deposition of Salzer’s brother, Dr. Jospeh Menendez was also admitted into evidence. He stated that he knew of no reason why she should be interdicted or deprived of her freedom. Additionally he testified that she was well fed, took vitamins, had good hygiene and could figure money. Plaintiff’s sister Alice Menendez testified in a similar manner.
Lastly, Mrs. Salzer, although understandably confused and apprehensive on the witness stand, stated unequivocably that she could cook, bathe and dress herself. Laborde, in brief cites several instances of Mrs. Salzer’s testimony wherein she answered in a confusing or incorrect manner to questions presented.
The trial court dismissed the petition for interdiction, but did appoint Alice Menen-dez as a limited curator for the purpose of assisting Mrs. Salzer in the management of her property and her financial affairs. This was done pursuant to the authority of Civil Code Article 389.1.
Laborde argues that the trial court was in error in not interdicting Mrs. Salzer. We disagree. In Matter of Fabre, 371 So.2d 1322 (La.1979) the Louisiana Supreme Court held that before a party can be interdicted there must be a finding that (1) because of their infirmities they are incapable of taking care of their person and (2) administering their affairs, and (3) that an actual necessity exists for the interdiction. We agree with the trial court that there has been an adequate showing that Mrs. Salzer is capable of taking care of her person. In a well reasoned opinion the court pointed out that Mrs. Salzer was well kept, and was able to cook and dress for herself. The evidence substantiates this finding. Although the evidence concerning her mental state is somewhat contradictory, the trial court determined that at worst, Mrs. Salzer was forgetful because of her age. It is well established that interdiction is a harsh remedy and should be pronounced only where there is clear and convincing proof.[1] In Re Adams, 209 So.2d 363 (La.App. 4th Cir.1968).
*168 Laborde further argues that the trial court’s judgment was incorrect because it dismisses the interdiction, but still appoints a limited curator. He reasons that this ruling is not in conformity with Civil Code Article 389.1. That article provides:

Art. 389.1. Limited, curator; judgment of limited interdiction; rights of limited interdict

“When a person is declared incapable by reason of mental retardation, mental disability, or other infirmity under the provisions of Articles 389 or 422 of the Louisiana Civil Code, of caring for his own person or of administering his estate, a court of competent jurisdiction may appoint a limited curator to such person or his estate. Pending appointment of a limited curator, the court shall inquire into the specific abilities and disabilities of the incapacitated person and such limited curator shall have only those powers necessary to provide for the demonstrated needs of the incapacitated person. The powers, duties, responsibilities, and any liabilities of the limited curator shall be specifically set forth in a judgment of limited interdiction.
The rights of the limited interdict shall be infringed in the least restrictive manner consistent with his incapacities. A judgment of limited interdiction shall not operate to deprive the incapacitated person of any civil right, the right to contract, or any right pertaining to any license, permit, privilege, or benefit unless specifically set forth in the judgment.”
This addition to the Civil Code came as a result of the Fabre, supra, decision in which the Supreme Court found themselves in the position of having to dismiss a full interdiction where a woman, although capable of caring for herself, was not capable of handling her financial affairs. The Court recommended that the legislature remedy such a situation by adopting a form of limited interdiction.
Laborde argues that the first sentence of Article 389.1 requires a finding that a person is incapable of caring for his person or estate, by reason of mental or other infirmity under Article 389 or 422 before a limited curator can be appointed. We disagree. Although there is some inconsistency in the language of 389.1, it is clear to this Court that the legislature intended to provide for a limited interdiction, allowing a party maximum freedom in the least restrictive manner consistent with that party’s incapacity. Article 389.1 allows the court to carry out that intent. Any other interpretation would render the article meaningless. We therefore hold that it was proper for the trial court, although dismissing the petition for interdiction, to grant a limited interdiction and appoint a limited curator.
Laborde also argues that the trial court erred in refusing to grant him a continuance of the trial so as to permit him more time to subpoena necessary witnesses. We find no merit in this argument. The trial judge has wide discretion in acting upon a motion for continuance and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. Sauce v. Buswell, 298 So.2d 832 (La.1974). Furthermore, interdiction proceedings “... shall be tried summarily and by preference.” La.C.C.Pro. Art. 4546. Clearly the trial court is under a mandate, in interdiction proceedings, to expedite the procedure as quickly as possible consistent with due process. Laborde alleges that since the doctor appointed by the trial court was unable to conduct an examination, another should have been appointed. Given the fact that seven months had elapsed from the filing of the suit until trial, and that there is ample medical evidence, as well as other evidence, upon which the trial court could base its decision, we find no abuse of process in denying the continuance.
Finally, Laborde argues that the appointment of Mrs. Salzer’s sister, Alice Menendez as the limited curator was improper. We agree with this argument. *169 La.Code of Civil Procedure Article 4550 provides:
“Within thirty days after the judgment of interdiction the court shall appoint a curator for the person interdicted.
By power of attorney, a competent person may nominate the curator of his person, of his property, or both, to serve should he be later interdicted. The court shall appoint the person nominated upon his furnishing security and taking an oath, as provided in Articles 4131, 4171, and 4554, unless he is disqualified or, unless for some other reason, the court determines that the appointment would not be for the best interest of the interdict.
If the curator is not nominated by power of attorney, or if the nominee is not appointed, the spouse of an interdicted person has the prior right to be appointed curator.
If the interdict has no spouse or if the spouse does not apply for appointment as curator within ten days after the judgment of interdiction, the court shall appoint the applicant best qualified, personally, and by training and experience, to serve as curator. Article 4069 governs the appointment of a separate curator of the property and person.”
The record contains insufficient evidence for this court to make a determination if Laborde or Menendez is the more properly qualified to act as limited curator. Although the trial court indicated in its oral reasons for judgment its desire to permit all interested parties the opportunity to apply for the position of limited curator, that procedure was not followed. We are of the opinion that it is in the best interests of Mrs. Salzer that the trial court conduct a hearing within fifteen days from the date this judgment becomes final to determine the best qualified to act as limited curator.[2]
Accordingly, the judgment of the lower court finding a limited interdiction of Mrs. Salzer is affirmed. We reverse the appointment of Mrs. Menendez as limited curator, and remand for a hearing within fifteen days to determine the best qualified to act as limited curator. This judgment does not preclude Mrs. Menendez from seeking appointment.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

. Mrs. Salzer has not appealed the trial court’s finding of a limited interdiction, and in oral *168 argument reaffirms, through her counsel, that she does not contest that finding.

. We point out that any interested party can contest the actions of a curator and seek his removal from office. La.C.C.Pro. Articles, 4554 and 4234. Therefore, it is certainly proper upon the appointment of a curator, any interested party should be afforded the opportunity to contest the proposed curator's qualifications.