WILLIAMS, Judge.
This is an appeal by plaintiff William H. Thomas from a decision of the trial court dismissing his action against defendant Ryder/P-I-E Nationwide, Inc. [“Ryder”].
Plaintiff filed a worker’s compensation claim against Ryder, claiming that he was injured during the course and scope of his employment by defendant. Defendant answered the suit and later filed interrogatories addressed to plaintiff. Apparently, plaintiff’s counsel was unable to contact him because he had moved out of state. Approximately one month later, counsel for defendant filed a motion to compel answers to the interrogatories. At the hearing on the motion, neither plaintiff nor his counsel made an appearance. The motion to compel was granted and plaintiff was given fifteen days to answer the interrogatories. Because he was unable to contact his client, plaintiff’s counsel was allowed to withdraw and substitute counsel was named. New counsel obtained an extension of time in which to answer the interrogatories. At this point, approximately three months had elapsed since defendant originally had requested answers to the interrogatories. Plaintiff again failed to answer the interrogatories timely, and defendant filed a motion to dismiss. A hearing was held on the motion, and the trial court ordered that the answers be supplied “forthwith.” The case then came to trial. Plaintiff failed to make an appearance, and the trial judge ordered that the case be dismissed. Plaintiff then filed answers to the interrogatories and moved for a new trial. The motion was denied. It is from these rulings that plaintiff now appeals.
If a plaintiff fails to appear at trial, the trial court must dismiss the action. La.C.Civ.Pr. art. 1672(A). Plaintiff argues that instead of dismissing the action, the trial judge should have granted a continuance. He argues that the special circumstances of plaintiff’s condition are of importance. Plaintiff was unable to find work in this state and was forced to move; finally able to find work, he could not afford transportation or to take the time off to appear for trial.
While appreciative of plaintiff’s plight, we must also take into consideration the discretion of the trial judge in deciding whether to grant a continuance. Based upon the facts in the record, we find that there is no abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974). Furthermore, there are no reasons for the trial court to have granted a new trial.
For the foregoing reasons, the decision of the trial court dismissing plaintiff’s action is affirmed.
AFFIRMED.