NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-301


BRADLEY DAY & TRACEY DAY

VERSUS

ELVIS DEAN THOMPSON, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-4574
HONORABLE DERRICK D. KEE, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and Guy E. Bradberry, Judges.


SECOND MOTION TO SUPPLEMENT APPEAL RECORD GRANTED.

**Randall Alan Smith**
**J. Geoffrey Ormsby**
**Dylan T. Leach**
**Smith & Fawer, LLC**
**201 St. Charles Avenue, Suite 3702**
**New Orleans, LA 70170**
**(504) 525-2200**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Prime Insurance Company**

**Martin Edward Golden**
**Keogh, Cox  & Wilson, Ltd.**
**Post Office Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Rescare, Inc.**

**John Craig Jones**
**Attorney at Law**
**131 Highway 165 South**
**Oakdale, LA 71463**
**(318) 335-1333**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Bradley Day**
    **Tracey Day**

**Jennifer M. Ardoin**
**Katelyn E. Bayhi**
**Frank X. Neuner, Jr,**
**NeunerPate**
**1001 W. Pinhook Rd., Ste. 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Terry Graham Trucking, Inc.**
    **Elvis Dean Thompson**

**SAVOIE, Judge.**

Defendants-Appellants, Terry Graham Trucking, Inc. and Elvis Thompson, filed a Second Motion to Supplement the Record on Appeal, seeking to supplement the record with the complete trial transcript, including but not limited to the transcript from the oral motions made, argued, and decided on January 3, 2022, and specifically Plaintiffs'-Appellees' oral motion to excuse Plaintiff-Appellee Tracey Day for the entire length of the trial. Plaintiffs-Appellees, Bradley Day and Tracey Day, filed an opposition to Defendants' motion, asserting that the transcripts sought by Defendants are not material to this appeal. For the reasons stated herein, we grant Defendants' motion to supplement the appeal record.

The instant appeal was lodged with this court on May 15, 2023. After reviewing the record, Defendants filed an Ex Parte Motion to Supplement Record on Appeal. The motion was granted and the record was supplemented on August 23, 2023. Upon reviewing the supplemental record, it became evident to Defendants that a number of oral motions were made, argued, and decided on the morning of trial, January 3, 2022, and had not been transcribed and/or included in the record. Defendants assert that the transcript on these oral motions, and specifically, on Plaintiffs' motion to excuse Plaintiff Tracey Day for the entire length of trial, is critical to issues to be raised by Defendants and must be cited in their brief. Without the transcript of this oral motion, objections, or the trial court's oral reasons, Defendants maintain they will not be able to properly brief the issue. Defendants request that this court issue an order directing the Fourteenth Judicial District Court Clerk of Court to supplement the appellate record with the complete trial transcript, including but not limited to the transcript from the oral motions made, argued, and decided on January 3, 2022, and specifically Plaintiffs' oral motion to excuse Plaintiff Tracey Day for the entire length of trial.

In opposition to the motion to supplement, Plaintiffs argue that Defendants' second motion to supplement the record should be denied as untimely and unnecessary. Plaintiffs maintain that the transcripts sought by Defendants are not material to this appeal as provided in La.Code Civ.P. art. 2132, and involve a minor, discretionary decision by the trial judge that is adequately found in the record. Article 2132 authorizes the correction of a record on appeal that omits a material part of the trial record.

Next, Plaintiffs argue that a motion to supplement a transcript that "does not state the nature of the trial judge's error . . . standing alone, is insufficient to warrant this court bringing about further delays by remanding the case for the [supplemental] transcription of the proceedings." *Jackson v. Tri-State Elevator Co.*, 398 So.2d 199, 200-201 (La.App. 3 Cir.), *writ denied*, 400 So.2d 905 (La.1981). Plaintiffs assert that Defendants' motion to supplement does not show how the addition of the record of a transcript of oral arguments of counsel regarding whether to excuse Tracey Day from attending a week-long trial will show the "nature of the trial judge's error." Plaintiffs complain that Defendants' motion does not articulate error at all. Instead, Defendants seek to stay this case a second time to supplement the record with a transcript of an oral argument not made in front of the jury that contains no evidence. Plaintiffs contend that argument by counsel, "is not evidence and cannot be considered as proof of fact (citations omitted)." *Ortega v. Cantu Servs., Inc.*, 17-1123, p. 4 (La.App. 3 Cir. 5/2/18), 246 So.3d 827, 830. Plaintiffs add that Defendants do not attempt to articulate how the trial judge's decision to excuse Tracey Day could have possibly been an abuse of discretion. Plaintiffs also point out that the minutes from the first morning of trial reflect that Plaintiffs' counsel moved the court to excuse Tracey

2

Day from attending trial, defense counsel objected, and the trial judge granted the motion; thus, the essential facts of the ruling are found in the record.

Lastly, Plaintiffs argue that Defendants previously attempted to designate a limited record on appeal and did not designate the transcript of the discussion of counsel to excuse Tracey Day on January 3, 2022, as a necessary part of the record. Plaintiffs urge that Defendants should not be allowed to delay this appeal a second time because they changed their minds. Plaintiffs point out that Appellant-Defendant Prime Insurance Company filed a motion and order to designate the record for appeal and did not designate the transcript of the January 3, 2022 discussion of counsel and motion to excuse Tracey Day as part of the appeal record.[1] Defendants then filed their own motion to designate the record, seeking to limit the appeal record to "only those documents previously identified by Prime Insurance Company's timely motion to designate." Plaintiffs note that Defendants designated two additional documents but did not designate the transcript of the argument of counsel on the morning of January 3, 2022.

Further, Plaintiffs complain that when the record was lodged with this court on May 15, 2023, and it was apparent that the transcription of the discussion of counsel on January 3, 2022, was not in the record, Defendants only specifically mentioned the need for the voir dire transcript. Plaintiffs maintain that if the January 3, 2022 argument of counsel was truly important to Defendants' appeal, they would have designated it as part of the record last year, and at the very least, would have specifically requested the transcript after the record was lodged.

Plaintiffs conclude that "Justice delayed is Justice denied." *Hamilton Med. Grp. V. Ochsner Health Plan*, 550 So.2d 290, 292 (La.App. 3 Cir. 1989). Plaintiffs

---

[1] The appeals of Prime Insurance Company, Terry Graham Trucking, and Elvis Dean Thompson were consolidated on September 13, 2022.

3

complain that their appeal has been pending for over one year and that Defendants have already asked for and obtained a stay of briefing deadline to supplement the record with the voir dire transcript. Defendants now ask for a second indefinite delay to obtain a transcript that contains no evidence and involves a purely discretionary decision. Plaintiffs urge that this is not a material omission contemplated by La.Code Civ.P. art. 2132, but is an afterthought by Defendants. As such, Plaintiffs urge that there is no just reason to delay this appeal any further.

In reply to Plaintiffs' opposition, Defendants assert that they did attempt to designate the transcript of the January 3, 2022 trial proceedings as part of the record on appeal. Defendants' state that Prime Insurance Company designated all trial transcripts from the trial held on January 3-7, 2022, which included the transcript of the oral motions made, argued, and decided after the case was called for trial on the morning of January 3, 2022. Thereafter, Defendants filed their own motion to designate the record, seeking to limit the record to "those documents previously identified in Prime Insurance Company's timely motion to designate," plus two additional documents. Defendants conclude that this evidences their attempt to designate the transcript from the oral motion that Plaintiffs made on the morning of January 3, 2022. Moreover, Defendants point out that Plaintiffs opposed the limited designation, and the trial court ordered that the entire record be designated, including a transcript of all proceedings.

Lastly, Defendants argue that the transcript of the oral motion, argument, and order allowing Tracey Day to only appear at trial during her testimony is critical to the issues to be raised on appeal. Defendants claim that the motion for Tracey Day to only appear during her testimony due to alleged medical issues was the first notice Defendants received of Tracey Day's intent to miss trial. Defendants assert that it was this argument—that Tracey Day was in too much pain

4

to sit through trial—which necessitated the immediate surveillance obtained by Defendants during trial to determine the credibility of Tracey Day's representation to the trial court. When Defendants attempted to use the surveillance video as impeachment evidence during trial, the trial court precluded the introduction of the video as well as the testimony of the private investigator who obtained the surveillance footage, finding that discovery had been closed. Defendants conclude that the crux of the appeal is the trial court's error in precluding impeachment evidence at trial. Defendants contend that representations made concerning Tracey Day's condition, such as the length of time she can sit or stand or the activities in which she can partake, is extremely relevant and material to the instant appeal.

Considering the fact that Defendants attempted to designate the transcript of the January 3, 2022 trial proceedings, the fact that the entire record was designated by the trial court, and Defendants' assertion regarding the relevance of the desired transcript, we grant Defendants' motion to supplement the record. We hereby order that the Fourteenth Judicial District Court Clerk of Court supplement the record of the appeal pending in the Third Circuit Court of Appeal, Docket No. 23-301, to include the complete trial transcript, including, but not limited to, the transcript from the oral motions made, argued, and decided on January 3, 2022, and specifically, Plaintiffs' oral motion to excuse Plaintiff Tracey Day for the entire length of trial. Briefing is suspended pending receipt of the supplemental record in this court.

**SECOND MOTION TO SUPPLEMENT APPEAL RECORD GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.