572 So.2d 759 (1990)
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE
v.
Sally L. HOLT.
No. 90-CA-0497.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
Rutledge C. Clement, Jr., Paul M. Newton, Jr., A. Lee Levert, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiff/appellee.
Paul Gallagher, Patricia E. Regan Fox, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
SCHOTT, Chief Judge.
This is a suit by plaintiff (LSU) for damages for breach of a contract of employment against defendant who had been an Assistant Professor. The principal issue is whether the trial court abused its discretion in denying defendant's request for continuance considering all of the circumstances of the case.
Defendant was employed as a full time teacher on the LSU campus at New Orleans (UNO) for the 1985-1986 academic year. Early in the spring semester she took a position at Augustana College in South Dakota. LSU seeks to recover her entire salary paid during the spring semester on the ground of a breach of her employment contract and of the university's policy concerning outside employment by faculty members.
LSU filed its suit on December 6, 1986 and defendant answered the suit through counsel in February, 1987. On LSU's motion filed on May 5, 1989 the case was first set for trial August 16, 1989. On June 16 defendant moved for a continuance on the grounds that her counsel would be out of *760 town from August 1 through August 18 and that further time was needed for discovery and pretrial motions. On June 28 the trial court continued the case until September 14, 1989. On August 15 the trial court permitted counsel for defendant to withdraw from the case upon his representation that defendant would not communicate with him and was not cooperating with him in his efforts to defend her.
When the case came to trial on September 14, John P. Nelson, the Director of the Law Clinic of the Loyola University Law School, appeared and stated that defendant, after hearing from her former counsel on August 20, contacted the school for assistance. This came to his attention on September 10, and on September 11 he spoke to defendant. He explained that she did not qualify for representation by the clinic, and she asked for help in obtaining counsel. Because of the imminence of the trial he was unable to obtain counsel for her so he decided to appear at trial for the sole purpose of asking for a continuance on defendant's belief.
The case proceeded to trial in defendant's absence. LSU produced the Assistant Comptroller at UNO who identified a number of documents and testified concerning defendant's attendance record during the spring semester of 1986. He identified the policy memorandum which required a faculty member to obtain permission from the Department Head and the Dean to have outside employment and he said that this was distributed to all faculty members. During the course of his testimony Mr. Nelson attempted to make an objection to hearsay, but the trial court would not permit him to participate in the trial because he was not counsel of record for defendant and the judge disregarded his objection. LSU also produced selected pages from defendant's deposition in which she admitted having a position in South Dakota in spring, 1986 "on a consulting basis." She also stated that several of her superiors at UNO knew about her other job.
On appeal defendant argues that LSU's evidence was insufficient to support the judgment, especially since some of the evidence was inadmissible as hearsay, and she seeks a reversal of the judgment and dismissal of LSU's suit with prejudice. Alternatively, she contends that the trial court wrongfully denied a continuance and asks for a remand for a new trial.
Because of our conclusion regarding the continuance question it may be unnecessary to consider defendant's first contention. However, in the situation where the trial judge has erroneously allowed hearsay evidence and where there was no contemporaneous objection because of the absence of the party, the interests of justice would seem to require that the prevailing party be given another opportunity to present its case. If an objection had been made and sustained the prevailing party would have had an opportunity to take other steps to prove its case and to cure the problem. While appellate courts have sometimes dismissed cases with prejudice under these circumstances, we believe that the appropriate result is a remand as in Ducharme v. Guidry, 392 So.2d 755 (La.App. 3rd Cir. 1980) and Courville v. Southern Cas. Ins. Co., 304 So.2d 93 (La.App. 3rd Cir.1974) or, at worst, dismissal as of non-suit as in Verrette v. Saltzman & Gordon Welding Service, Inc., 248 So.2d 876 (La.App. 3rd Cir.1971). Although these cases involved default judgments under C.C.P. art. 1702, there is no distinction between a default judgment and the present situation where defendant was absent and unrepresented. C.C.P. art. 2164 authorizes a court of appeal to order a remand under such circumstances.
In any event, we have resolved to reverse the judgment and remand the case for new trial not because of insufficiency of evidence but because the motion for continuance was wrongfully denied. The granting of a continuance in this case was within the discretion of the trial court. C.C.P. art. 1601. This court has consistently and emphatically recognized that the discretion of the trial court in the granting or denial of a continuance is vast, and seldom does this court question the exercise of that discretion. We also recognize the difficulties confronting a trial judge in moving *761 the docket and in evaluating requests for continuances which may be disruptive and burdensome to the court and other parties. Consequently, it is with some reluctance that we conclude in the present case that the trial court erred in denying defendant a continuance.
In reaching this conclusion we have considered all of the circumstances of the case. This was only the second trial date selected, the first coming long after issue had joined and being continued ostensibly as a convenience to defendant's attorney. She learned of her lawyer's withdrawal from the case only three weeks before the second trial date and was apparently diligent about looking for another attorney. The transcript indicates that there were some potential hearsay and other evidentiary questions which should have been raised in her behalf. This was a simple monetary claim by a public institution against an individual. A continuance would not have worked any great hardship on the plaintiff. Neither will a reversal and remand work any great hardship on LSU or the trial court. At the previous trial only one witness, an employee of LSU, testified and the amount of time lost by the trial court was not considerable. As in Halley v. Halley, 457 So.2d 108 (La.App. 2d Cir.1984) writ denied 461 So.2d 316 (La.1984), fairness dictates that defendant be given another opportunity to have her day in court to defend herself.
Accordingly, the judgment appealed from is reversed and set aside and this matter is remanded to the trial court for a new trial. All costs of this appeal are assessed against defendant.
REVERSED AND REMANDED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissents with reasons.
The hearsay testimony should have been excluded.
The majority appropriately notes that "appellate courts have sometimes dismissed cases with prejudice under these circumstances,...."
This record is complete.
The evidence is insufficient to prove that Dr. Holt breached her contractual or fiduciary duties.
L.S.U. had a clear shot and failed to prove its case.