PLOTKIN, Judge.
The res nova issue in this writ application is whether the fact that the attorney for one of the parties has another case previously scheduled provides grounds for a continuance of a trial subsequently scheduled in a different court on the same day. This conflict problem is a major issue for lawyers and professional litigants in metropolitan areas.
On January 2, 1990, plaintiff, Robert W. Longman, Sr., sued Earl Beechler, Jr. and Allstate Insurance Company his insurer, for personal injuries. Plaintiff subsequently added Boh Bros. Construction Company and National Union Fire Insurance Company, its insurer, as defendants. On January 11, 1991, these parties, pursuant to a telephone status conference agreed to November 12, 1991 as the trial date.
On June 19, 1991, plaintiff added as a defendant, relator Commercial Union Insurance Company, his employer’s insurer. On August 16, 1991, this defendant filed a motion to continue the November 12, 1991 trial date on discretionary grounds as set forth in LSA C.C.P. art. 1601 on the basis that the trial date was selected before Commercial Union was joined as a defendant and that it had no input in the selected date. Furthermore, Commercial Union’s defense counsel has a previously fixed complicated medical malpractice trial, which was scheduled April 8, 1991. This case, involving several out of town witnesses, is scheduled first on the docket on November 12,1991. Relator claims that the refusal to grant a continuance under these circumstances deprives the defendant of the constitutional right to engage and utilize counsel of its choice.
It is well settled that a trial judge has wide discretion in acting upon a motion for continuance and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. LSA-C.C.P. art. 1601; Sauce v. Bussell, 298 So.2d 832 (La.1974); Halley v. Halley, 457 So.2d 108 (La.App. 2nd Cir.), writ denied, 461 So.2d 316 (La.1984); New Hope Gardens Ltd. v. Latten, 530 So.2d 1207 (La.App. 2nd Cir.1988); Morrison v. Johnston, 571 So.2d 788 (La.App. 2nd Cir.1990).
This Court has recognized the trial court’s discretion in the granting or denial of a continuance. It also has acknowledged its reluctance to find trial error because of the disruptive effects on the court’s docket, case management and the parties to the litigation. Board of Supervisors v. Holt, 572 So.2d 759 (La.App. 4th Cir.1990).
This problem has been addressed by the State-Federal Judicial Council of Louisiana. The council unanimously agreed that with respect to scheduling conflicts between the federal and state courts, the case fixed first or set by a State or Federal Judge for a future trial date should take preference over a case subsequently fixed by a judge in the opposite system for the same trial date, except for criminal cases with speedy trial requirements. Judicial Administrator, State of Louisiana notice May 3, 1985.
We conclude that the same principle and policy should apply to scheduling conflicts within the state judicial system. We hold that when a trial date has been fixed by a court, which conflicts with a prior scheduled trial, thé party moving for a *75 continuance must meet the following criteria in order to secure a continuance:
1. Timely and diligently file a motion to continue in good faith.
2. Be the trial attorney of record in both cases.
3. Provide sufficient proof that the first set case will probably proceed to trial and will not settle.
4. Provide proof that the client desires representation only from the attorney of record.
Fairness and the client’s fundamental right to select a trial specialist of its choice requires that these rights be balanced in today’s congested court system. In this case relator’s counsel was committed to a previously-fixed trial date when this case was set for trial. Furthermore, it was set for trial when relator was not a party to the litigation.
Considering all the circumstances of this case, we conclude that the trial judge abused his discretion in denying defendant’s motion for a continuance.
The writ is granted, the judgment of the district court is vacated, and this case is continued to be refixed at another date.