697 So.2d 364 (1997)
Anna C. DAVIS
v.
Charles MAYBERRY, Ralph Whalen, Janet Woodka and ABC Insurance Company.
No. 97-C-1297.
Court of Appeal of Louisiana, Fourth Circuit.
July 2, 1997.
Nancy J. Marshall, Patricia A. Lynch, Deutsch, Kerrigan & Stiles, New Orleans, for Relator, Coregis Insurance Company.
Mack E. Barham, Robert Arceneaux, Jerry B. Jordan, Barham & Arceneaux, A PLC, New Orleans, for Respondent, Anna C. Davis.
Before BYRNES, JONES and WALTZER, JJ.
*365 WALTZER, Judge.

STATEMENT OF THE CASE
Respondent, Anna C. Davis, filed suit in June 1994 against Charles Mayberry, Ralph Whalen, Janet Woodka and ABC Insurance Company, alleging various acts of negligence and legal malpractice against defendants. In May 1996, by second amending and supplemental petition, respondent named relator, Coregis Insurance Company, as the liability and malpractice insurer of Ms. Woodka and Mr. Whalen, seeking damages under the Louisiana Direct Action Statute.
Relator seeks review of the trial court's denial of its Motion for Summary Judgment dismissing respondent's direct action claim. We grant certiorari and reverse the judgment of the trial court.

STATEMENT OF FACTS
On 9 May 1995, relator issued a Lawyers Professional Liability Insurance policy to Ralph Whalen. According to the policy declarations, it is a "claims-made and reported policy," and "coverage is limited to liability for only those claims which are first made against the named insured and reported to the company while the policy is in force." [Emphasis added.] The policy period was from 12:01 a.m. Standard Time on 28 March 1995 to 12:00 a.m. Standard Time on 28 March 1996. On 8 April 1996, relator issued a renewal policy with a policy period from 12:01 a.m. Standard Time on 28 March 1996 to 12:00 a.m. Standard Time on 28 March 1997.
The "retroactive date" of the policy is 12 February 1987. According to the definitions section of the policy, "RETROACTIVE DATE WHENEVER USED IN THIS POLICY SHALL MEAN the date, if specified in the Declarations ..., on or after which any act, error, omission or PERSONAL INJURY must have occurred in order for CLAIMS arising therefrom to be covered under this policy. CLAIMS arising from any act, error, omission or PERSONAL INJURY occurring prior to this date are not covered by this policy." [Emphasis in original.]
The alleged legal malpractice of which respondent complains took place in June, 1993, and the claim was FIRST MADE against Mr. Whalen in June of 1994, when suit was filed.[1]

ANALYSIS
The opinion of the trial court and most of the argument submitted by the parties addresses the effect, vel non, of Mr. Whalen's failure to give notice to relator of the respondent's June, 1994 claim on his applications for insurance and renewal of the original policy. We agree that had there been insurance coverage at the time of the alleged malpractice, respondent's rights under the Direct Action Statute would have vested, regardless of Mr. Whalen's failure to notify relator of the claim. However, under the facts of this case, the alleged malpractice took place outside the policy period and there was no insurance coverage in effect at the time of the alleged malpractice. Therefore, there was no direct action right to vest in respondent.
The policy period is defined in the policy as the period from the effective date of the policy to the expiration date set forth in the declarations or earlier termination date, if any, of the policy. The initial and renewal policies had a combined policy period of 28 March 1995 through 28 March 1997. Since this is a "claims made" policy and not an "occurrences" policy, it is clear that the retroactive date provision should be read as a specific limitation on coverage for claims arising prior to the retroactive date but FIRST made against Mr. Whalen within the policy period. Absent the retroactive date provision, the policy would cover all claims FIRST made against Mr. Whalen, however long ago those claims arose. The retroactive date provision limits coverage to those occurrences occurring on or after 12 February 1987 as to which claim is FIRST made during the policy periods (28 March 1995-28 March 1997).[2] In the absence of coverage in *366 June, 1993, when the alleged malpractice is claimed to have occurred, respondent had no right of action against relator. Therefore, whether Mr. Whalen gave notice of the claim to relator is irrelevant to relator's Motion for Summary Judgment.
The cases cited by respondent do not suggest a contrary result. In Bank of the South v. New England Life Ins. Co., 601 So.2d 364 (La.App. 5 Cir. 1992), the only defense supporting the motion for summary judgment was lack of notice of the claim within the policy period. There was no showing or argument that insurance coverage for the claim did not exist at the time the claim arose. Likewise, in Williams v. Lemaire, 94-1465 p. 5 (La.App. 4 Cir. 5/16/95), 655 So.2d 765, 768 writ denied 95-1514 (La.9/22/95), 660 So.2d 481, this Court noted, "Here the alleged tortious conduct occurred, and the [plaintiffs] allegedly put Cavalier, the insured, on notice that a claim would be made all within the policy period." Since the tort occurred during the policy period, the notice issue became relevant. In Murray v. City of Bunkie, 96-297 (La.App. 3 Cir. 11/6/96), 686 So.2d 45, cited by respondent, the issue again was notice, and no claim was made that there was no coverage at the time the tort was committed. The medical malpractice giving rise to plaintiff's action in Hedgepeth v. Guerin, 96-1044 (La.App. 1 Cir. 3/27/97), 691 So.2d 1355, "occurred in October, 1985, which was clearly while the policy was in force." The same distinction applies as to this cited case.
The issue, therefore, is not whether respondent had control over Mr. Whalen's obligation to give notice of her claim, nor whether such notice was in fact given. The trial court failed to consider the threshold question of whether there was any coverage in effect at the time the alleged malpractice was committed. In the instant case, the alleged tort occurred prior to the policy period, AND the claim was FIRST made against Mr. Whalen prior to the policy period.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (4/11/94), 634 So.2d 1180, 1182; Schroeder v. Board of Sup'rs of Louisiana State University, 591 So.2d 342, 345 (La.1991).
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A.(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof is on the mover. La. C.C.P. art. 966 G.
Our review of the materials submitted in support of and in opposition to the relator's Motion for Summary Judgment shows that as to the issue of coverage there exists no genuine issue as to any material fact.

CONCLUSION
Had the alleged malpractice of which respondent complains occurred prior to the policy period but after the retroactive date and had the claim FIRST been made by respondent during the policy period, the policy would have provided coverage, and respondent would have had a vested right under the Louisiana Direct Action Statute. In this case, however, although the first condition was met, and the alleged malpractice occurred after the retroactive date, the claim was FIRST made prior to the policy period. Therefore, the alleged malpractice was not covered under the policy and respondent had no direct action right that could vest against relator. Since there is no genuine issue of material fact relating to the threshold coverage issue, we conclude that relator is entitled to judgment as a matter of law dismissing respondent's suit against relator.
WRIT GRANTED. MOTION FOR SUMMARY JUDGMENT GRANTED.
NOTES
[1] The fact that an amending petition was filed in May 1996, during the second policy period, is not relevant since that amending petition asserted the same claim FIRST MADE against Mr. Whalen in June of 1994.
[2] This interpretation is consistent with the fact that the purported insureds, Mr. Whalen and Ms. Woodka, have not claimed coverage and a defense under the policy.