| PATRICIA RIVET MURRAY, Judge.
Plaintiff, Dr. Anna C. Davis, appeals a judgment dismissing her suit with prejudice for failure to appear at trial. We reverse for the reasons that follow.
The relevant procedural history reflected in the record establishes that Dr. Davis’ suit was filed on June 15, 1994 against her ex-husband, Charles Mayber-ry, and his attorneys, Ralph S. Whalen, Jr. and Janet L. Woodka. The case was allotted to Judge Max N. Tobias, Jr., who presided over Division “L” of Orleans Parish Civil District Court throughout the pendency of this proceeding. After litigation of defendants’ exceptions to the initial and several amending petitions, answers were filed in April and May 1995, and a reconventional demand was asserted by the defendant attorneys. Plaintiff excepted to the defendants’ claims, resulting in the dismissal of the reconventional demand in September 1995. Later that same month, this court rendered an unpublished opinion on the parties’ writ applications regarding the defendants’ exceptions, holding that the plaintiffs petitions stated a cause of action. Davis v. Mayberry, 95-C-0615, 95-C-0630 (La.App. 4th Cir.9/28/95).
After a contradictory hearing in January 1996 on plaintiffs motion to compel discovery, Mr. Whalen was ordered to furnish a copy of his professional | gliability insurance policy for the applicable period. Another motion to compel was brought in March 1996, asserting that Mr. Whalen had refused to provide anything other than a 1993-94 claims-made policy, under which coverage was being denied. On April 22, 1996, the court issued a second discovery order, specifying that Mr. Whalen was to furnish plaintiff with a copy of any policy “which ... purports to insure defendant for the consequences of the acts complained of in this lawsuit.” In May 1996, Coregis Insurance Company was added as a defendant, and in March 1997 Home Insurance Company was also sued. Shortly after an answer was filed by Home Insurance in June 1997, the claim against Coregis was dismissed on summary judgment by this court. Davis v. Mayberry, 97-1297 (La.App. 4th Cir.7/2/97), 697 So.2d 364.
On June 24,1998, plaintiffs counsel filed a motion to set the matter for trial. In response, the court set a pre-trial conference for September 8, 1998. At that conference, and with the participation of all parties, trial by jury was set for February 1999. However, in January 1999 the court notified the parties that the trial was continued until April 13,1999.[1]
On March 15, 1999, a joint motion to continue the trial “for at least 90 days” was filed by counsel for plaintiff, counsel for Ms. Woodka, and counsel for Home Insurance. The motion stated that a continuance was necessary because (1) Ms. Woodka’s attorney had enrolled in the case only five days earlier; (2) discovery from out-of-state sources had been delayed; and (3) it was recently learned that Dr. Davis had filed for bankruptcy in New Mexico. The continuance was granted, and a trial date of November 8, 1999 was set by the court on March 16, 1999. The |arecord *976 does not indicate whether Mr. Mayberry and/or Mr. Whalen, both of whom were unrepresented at this point in the litigation, were notified of the motion to continue, nor does it appear that any notices were issued by the clerk of court regarding the new trial date.
On June 11,1999, plaintiffs counsel filed a motion to withdraw from representation, certifying that copies of the motion had been sent to all counsel of record, but without providing a reason for the withdrawal, a statement that the client had notice of the trial date nor an address at which Dr. Davis could receive future notices.[2] Nevertheless, the order of withdrawal was signed by the court on June 14,1999.
On September 27, 1999, counsel for Home Insurance noticed Dr. Davis’ deposition for October 4th in New Orleans. This pleading contains three different addresses for the plaintiff, two in Mandeville, Louisiana and one in New Mexico. The attorney certified on the pleading that a copy had been mailed to all counsel of record, and the cover letter to the clerk of court indicates that copies were also sent to Mr. Whalen and Mr. Mayberry, but not to Dr. Davis.
On October 21, 1999, a joint motion for status conference was filed by the attorneys for Home Insurance and Ms. Wood-ka, referencing the upcoming trial date. According to this motion, Dr. Davis had responded to the deposition notice by informing counsel that she would not be available on that date because her son was hospitalized with possible meningitis, which also explained her failure to 14receive phone messages. The attorney had then “informed Dr. Davis that there were upcoming deadlines and requested that she contact him shortly to reschedule her deposition.” The motion goes on to explain that although the plaintiffs son was no longer at the hospital mentioned by Dr. Davis, the attorney’s subsequent attempts to contact her by phone had been unsuccessful. The court signed the order submitted with the motion that same day, setting a telephone conference for the morning of October 29, 1999. According to the clerk of court’s notations, copies of the document were “given to atty [sic] for notices,” and Ms. Woodka’s counsel certified that the pleading was mailed, first class, to Dr. Davis, Mr. Whalen and Mr. Mayberry.
After Judge Tobias had conducted the phone conference as scheduled,[3] a motion to continue the trial was filed on Dr. Davis’ behalf on November 4, 1999. Although submitted by an attorney not previously involved in the case, counsel signed the pleading as “Attorney for Plaintiff.” This motion, supported by attached documents, states that a continuance was necessary both because the matter was subject to a bankruptcy stay under 11 U.S.C. § 362, and because Dr. Davis had had “non-elective” knee surgery on October 29th, leading her doctor to recommend on November 1, 1999 that she “should not appear in court for one month ... [due to] limited motion of her knee during this *977 period.” Although there was no certifícate of service on the attorney’s motion and order, his cover letter to the clerk of court, dated November 3, 1999, shows that copies were sent to counsel for Ms. Woodka and Home Insurance as well as to Mr. Whalen and Mr. Mayberry.
According to the transcript of November 8, 1999, the scheduled trial date, |sneither Dr. Davis nor anyone representing her appeared in court. Additionally, Judge Tobias, who had presided over this suit since its inception, was not present to conduct any proceedings in Division “L” because he had been injured in an accident the preceding weekend. The attorneys for Home Insurance and Ms. Woodka, as well as the two pro se defendants, sought assistance in another Division of Civil District Court. Stating that “I understand that you all have some matters that you want to put on the record,” Judge Robin M. Giar-russo agreed to accommodate the parties.
Counsel for Ms. Woodka then explained that difficulties had begun in March 1999, when plaintiffs deposition was suspended because it was learned that she had a bankruptcy action pending. Subsequent contact with the bankruptcy trustee revealed, however, that Dr. Davis’ Chapter 13 proceeding should have no effect on a suit in which she was the plaintiff, rather than the defendant. It was further stated that after the withdrawal of Dr. Davis’ attorneys, who were aware of this trial date, plaintiff had failed to comply with the requirements of the pre-trial order by filing a timely jury bond and witness list. The court was also told of defendants’ attempts to complete Dr. Davis’ deposition, which led to the telephone conference with Judge Tobias on October 29,1999.
According to defense counsel, a new attorney participated in the phone conference, but he “indicated that he was not enrolling as Ms. [sic] Davis’ counsel of record, but rather was appearing on her behalf with respect to the status conference only.” Ms. Woodka’s counsel further related that after this attorney had explained that Dr. Davis was undergoing knee surgery, Judge Tobias “ordered all parties, including Ms. [sic] Davis, to appear here for trial today.”
Ms. Woodka’s attorney then asserted that although a written motion to | ^continue had subsequently been filed on plaintiffs behalf, research had confirmed that federal bankruptcy law did not stay a suit instituted on a Chapter 13 debtor’s behalf, nor did it require substitution of the bankruptcy trustee as plaintiff. Without any discussion of the plaintiffs medical condition, defense counsel then noted that all defendants were present and ready to proceed, stating:
I point out to the Court that this case was filed in 1994 and still has not been tried. And, ... that the plaintiff has filed a Motion to Continue through an attorney, but that attorney did not enroll.
THE COURT: Nor is that attorney present this morning.
COUNSEL: Nor is that attorney present this morning, nor is Ms. [sic] Davis present this morning. Based on the foregoing, Janet L. Woodka respectfully prays that this matter be dismissed with prejudice at the cost of the plaintiff.
Counsel for Home Insurance confirmed his attempts to reach Dr. Davis in September and October, then joined in the motion to dismiss, followed by Mr. Whalen and Mr. Mayberry. The court then told Ms. Wood-ka’s attorney, “I’m going to dismiss this with prejudice; will you prepare a judgment to that effect?” The written judgment, signed that same day, states that the suit was dismissed “due to [plaintiffs] failure to appear, and for other reasons set forth in [the] oral motion to dismiss.”
*978 In this appeal, Dr. Davis argues first that the denial of her motion to continue was an abuse of discretion. Emphasizing that the only other continuance had been sought jointly by the represented parties, the plaintiff asserts that her physical inability to appear constituted a valid and reasonable basis for a continuance under Civil Procedure article 1601. Considering that the defendants had advance notice of the motion and have failed to demonstrate any prejudice if the continuance had been granted, Dr. Davis maintains that the dismissal of her suit should be reversed 17and the matter remanded for trial.
Ms. Woodka, joined by Home Insurance Company, counters that the motion to continue was not properly before the court because it was submitted without either a request for a contradictory hearing, as required by Civil Procedure article 1605,[4] nor a certification that all other attorneys had been consulted for their positions on the motion, as required by Civil District Court Rule 10, Section 5.[5] Given these deficiencies combined with the failure to appear to argue the motion, the defendants contend that Dr. Davis cannot now complain about its denial. They further assert that, under the circumstances of this case, the court could properly reject the plaintiffs last-minute motion, because all parties knew of the bankruptcy issue in March 1999 and because Dr. Davis could have moved for a continuance earlier, before her operation, or even rescheduled the procedure for another time. Ms. Woodka and Home Insurance thus maintain that the trial court’s failure to continue the trial date was not an abuse of discretion.
Civil Procedure article 1601 states that “[a] continuance may be granted in any case if there is good ground therefor.” If a motion for continuance is in writing, it must be signed to indicate it is well-grounded in fact and submitted in good faith. La.Code Civ. Proc. art. 1603. In deciding such a motion, the trial court must balance the mover’s diligence and good faith and the opponent’s right to have the case heard as soon as is practicable, as well as the need for orderly and prompt administration of justice. Gilcrease v. Bacarisse, 26,318 (La.App.2d Cir.12/7/94), 647 So.2d 1219. A trial court’s decision to grant or deny a motion to | Rcontinue a trial date will not be disturbed absent an abuse of discretion. Austin v. Pascarelli, 612 So.2d 201, 203 (La.App. 4th Cir.1992). As in the trial court, an appellate review of such a determination requires consideration of the particular facts and circumstances of each case. Bd. of Supervisors of LSU v. Holt, 572 So.2d 759, 761 (La. App. 4th Cir.1990).
Applying these standards to the unique circumstances presented here, we reluctantly conclude that Judge Giarrusso abused her discretion by failing to grant the plaintiffs motion to continue. Although great deference is generally afforded to a trial court’s decision in such matters, that deference is premised on the judge’s familiarity with the parties and the proceedings at issue as well as the state of the court’s docket. Bd. of Supervisors of LSU v. Holt, 572 So.2d at 760-61. In this case, however, neither the transcript of the November 8th hearing nor the appellate record establishes that critical information, outlined below, was available to the judge *979 who was called upon to balance the parties’ rights and interests in this regard.
For example, the fact that a written motion to continue was submitted by Dr. Davis just days after the telephone conference suggests that Judge Tobias may have indicated that such a motion, properly supported, would be considered. Whether or not plaintiffs pending bankruptcy case justified a continuance, there has been no allegation that Dr. Davis did not, in fact, have the surgery described by her physician on the stated date, nor has there been any challenge to her claim of a resulting physical incapacity to attend court for the scheduled trial. Generally, the plaintiffs inability to appear in court on the trial date due to her medical condition would constitute good grounds for a continuance under Article 1601 of the Code of Civil Procedure. Sauce v. Bussell, 298 So.2d 832 (La.1974). While information weighing against this conclusion may have been presented to Judge Tobias during [3the telephone conference, defense counsel did not address this issue during the hearing November 8th. Absent such information, the basis for Judge Giarrusso’s determination that a continuance was unwarranted is unclear.
Similarly, the record fails to support the defendants’ contention that Dr. Davis was not entitled to a continuance because, despite the impending trial date, she had scheduled “non-elective” surgery that would prevent her attendance in court. In fact, contrary to the jurisprudence in this circuit, Century Bank v. Doley, 527 So.2d 437 (La.App. 4th Cir.1988); Jones v. U.S. Fidelity, 596 So.2d 834 (La.App. 4th Cir.1992), the plaintiffs former attorneys were allowed to withdraw without a certification that she had been informed of the trial date and without furnishing her address for issuance of a notice of trial by the court. Thus, if Judge Giarrusso relied on the record of these proceedings, a continuance would appear warranted because there is no indication the plaintiff had actual notice of the trial date until she received the defendants’ motion for status conference, filed only eight days before the scheduled surgery. Although the notice issue may have been discussed during the phone conference with Judge Tobias, this court is unable to conclude that this factor was considered by Judge Giarrusso in rejecting Dr. Davis’ motion to continue.
Defense counsel further claimed at the November 8th hearing that the plaintiff had not been diligent in seeking a new attorney at an earlier point in time. However, the approval of the “barebones” motion to withdraw raises the question of when Dr. Davis actually learned that she needed to find new counsel to represent her in prosecuting this action.[6] While it is not an abuse of discretion to Imdeny a continuance necessitated by a party’s delay in seeking new counsel, see Gilbert v. Visone, 32-303 (La.App.2d Cir.10/27/99), 743 So.2d 909, and cases discussed therein, it cannot be determined from the record of this case that, in fact, Dr. Davis’ failure to obtain an attorney to appear on her behalf on November 8th was due to a lack of diligence on her part. Absent such information, little deference may be afforded to Judge Giarrusso’s decision that the plaintiff was not entitled to the requested continuance on this basis.
Finally, the defendants have failed to allege that a continuance would have caused any significant hardship or injustice under these circumstances. As Dr. Davis *980 notes, there had been only one prior motion to continue in the case, which was sought jointly by the parties and was necessitated in part by the enrollment of Ms. Woodka’s attorney just one month before the April 1999 trial date. In addition, although defense counsel emphasized at the November 8th hearing that the case had been pending for five years, no mention was made of the fact that it took three years of litigation, until July 1997, to finalize the claims to be tried as well as the parties to the suit. Given this procedural history, the plaintiffs physical incapacity to appear on November 8, 1999 would, in our view, outweigh the defendants’ interests in proceeding to trial without further delay.[7]
As to the defendants’ arguments that the motion to continue was not properly before Judge Giarrusso, it appears that the procedural requirements of both Civil Procedure article 1605 and Local Rule 10, Section 5, were met in this case. Although little is known about the phone conference with Judge Tobias on October 29th, the record makes clear that an oral motion to continue was presented for Inargument during that conference, and all participants had the opportunity to present their views on the issue. Accordingly, we reject the defendants’ contention that Dr. Davis improperly sought an ex parte continuance in this case.
Thus, as summarized above, the information generally essential to the exercise of the trial court’s discretion on a motion to continue is not reflected in the record. Instead, it appears that a knowledge of what was and was not discussed during the October 29th status conference would be critical to the evaluation of the plaintiffs entitlement to a continuance. It is, therefore, particularly significant that this motion to continue was not denied by Judge Tobias, who had presided over the case since inception and had conducted that conference, but by a judge presiding over another division of court, unfamiliar with either this particular case or the effect a continuance would have on the docket. Without record evidence that Dr. Davis had adequate notice of the trial date and/or that the continuance was necessitated by a lack of diligence, the usual deference cannot be accorded to Judge Giar-russo’s decision because this court cannot assume that such information was adequately considered prior to denial of the motion.
In conclusion, when all of the facts and circumstances of this particular case are considered, the record fails to justify the denial of Dr. Davis’ motion for a continuance. As was previously stated under similar circumstances:
This court has consistently and emphatically recognized that the discretion of the trial court in the granting or denial of a continuance is vast, and seldom does this court question the exercise of this discretion. We also recognize the difficulties confronting a trial judge in moving the docket and in evaluating requests for continuances which may be disruptive and burdensome to the court and other parties. Consequently, it is with some reluctance that we conclude in the present case that the trial court erred in denying [plaintiff] a continuance.
Bd. of Supervisors of LSU v. Holt, 572 So.2d at 760-61.
For the reasons assigned, the judgment dismissing plaintiffs suit is reversed, *981 and the matter is remanded for trial on the merits.
REVERSED AND REMANDED.
BYRNES, C.J., dissents with written reasons.
KIRBY, J. dissents for the reasons assigned by C.J. BYRNES.

. It appears that this continuance was necessitated by the trial court’s schedule, as there is nothing in the record suggesting that any party requested a change in the trial date.

. In contrast to the action on the withdrawal of Dr. Davis’ attorney, the trial court had previously denied an April 1995 motion to withdraw by another party’s counsel by stamping the motion with the statement that "The attorney must furnish a copy of a letter sent by CERTIFIED MAIL to the client(s) advising of the attorney’s withdrawal and the attorney shall furnish the client’s last known address (not P.O. Box Number).” The attorney resubmitted the motion to withdraw with the required documentation, and the motion was subsequently granted on May 19, 1995.

. The record makes clear that neither Dr. Davis nor her current appellate counsel participated in the telephone conference.

. "Every contested motion for a continuance shall be tried summarily and contradictorily with the opposite parly.”

. "No motion for continuance shall be presented to the judge until the counsel presenting such motion has contacted all other counsel and shall advise the judge whether or not the continuance is opposed.”

. It appears possible that Dr. Davis' attorneys may have withdrawn from the representation because they had been unable to contact her, as indicated by the use of addresses in both New Mexico as well as Mandeville, Louisiana.

. Significantly, because the judge to whom the case was assigned was physically unable to conduct court on November 8, 1999, it is highly unlikely that the trial would have proceeded as scheduled had all parties been present.