| ANTHONY T. STRAUGHTER, | * | NO. 2023-CA-0480 |
|---|---|---|
| DERON ALEXANDER AND | | |
| RUSSELL BICKHAM | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| OCCIDENTAL FIRE & | * | |
| CASUALTY COMPANY OF | | STATE OF LOUISIANA |
| NORTH CAROLINA, THE | * * * * * * * | |
| TRINITY SYSTEM INC., AND | | |
| AARON MATTHEW WHITE | | |

**CONSOLIDATED WITH:**         **CONSOLIDATED WITH:**

**DE'MYRON ALEXANDER**         **NO. 2023-CA-0481**

**VERSUS**

**WILSHIRE INSURANCE
COMPANY AND MATTHEW
WHITE**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-03996 C\W 2019-07181, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Sandra
Cabrina Jenkins, Judge Paula A. Brown, Judge Karen K. Herman)

**JENKINS, J., DISSENTS WITH REASONS
BROWN, J., DISSENTS WITH REASONS**

Lawrence Blake Jones
Julie Marie Sumrall
David C. Whitmore
BLAKE JONES LAW FIRM, L.L.C.
701 Poydras Street
Suite 4100
New Orleans, LA 70139

      COUNSEL FOR PLAINTIFFS/APPELLEES

Jeffrey E. Richardson
Kyle L. Potts
ADAMS AND REESE, LLP
701 Poydras Street
Suite 4500

New Orleans, LA 70139

Raymond C. Lewis
John Jerry Glas
Joseph L. McReynolds
Justine M. Ware
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

Richard E. King
Matthew T. Biggers
MELCHIODE MARKS KING, LLC
639 Loyola Avenue
Suite 2550
New Orleans, LA 70113

COUNSEL FOR DEFENDANTS/APPELLANTS

**REVERSED, JUDGMENT VACATED, AND
REMANDED WITH INSTRUCTIONS
MAY 8, 2024**

KKH
DLD
RML

Defendant-Appellants, Wilshire Insurance Company, the Trinity System Inc., and Aaron White, appeal the trial court's judgment, which adopted the jury's verdict for Plaintiffs-Appellees, Anthony T. Straughter, Deron Alexander (collectively "Plaintiffs"), in the amount of $985,000.00 and in the amount of $2,390,000.00, respectively. For the following reasons, we find that the trial court abused its discretion in denying the motion to continue trial. Accordingly, we reverse the trial court's ruling on the motion to continue, vacate the trial court's judgment, and remand with instructions that the trial court stay any further proceedings pending disposition of the forthcoming appeal.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises from a collision that occurred on July 17, 2018 between a car and an 18-wheeler truck. Anthony T. Straughter ("Straughter") was operating a 2008 Ford Mustang carrying passengers, Deron Alexander ("Alexander"), Russel Bickham, and De'Myron Alexander, when a 2009 International Prostar tractor-

---

[1] The forthcoming appeal arises out of the petition to annul that was filed concurrently with the motion to continue that is subject of the instant appeal.

trailer owned by the Trinity System Inc. ("Trinity"), and driven by its employee, Aaron M. White ("White"), struck the passenger side of the vehicle.

As a result of injuries allegedly sustained, on April 12, 2019, Straughter, Alexander, and Russel Bickham filed suit against White, Trinity, and its insurer, Wilshire Insurance Company (collectively, "Defendants"), alleging White was in the course and scope of his employment at the time of the accident. De'Myron Alexander filed a separate petition for damages against Defendants. Both matters were consolidated. Russell Bickham and De'Myron Alexander settled their claims prior trial.

On January 16, 2023, Plaintiffs filed a motion for partial summary judgment on issues of liability and course and scope of employment and a motion in limine to exclude Defendants' facts and expert witnesses and exhibits, with the exception of Dr. Everett Robert. Defendants did not oppose the motions and in February 2023, the parties entered into consent judgments.

The jury trial was scheduled to begin on March 27, 2023 on damages. However, on or about March 13, 2023, Defendants alleged that they discovered evidence of fraud and/or ill practices.

Thereafter, on March 21, 2023, Defendants filed a motion to continue trial and a petition to annul the two consent judgments.[2] In the motion to continue, Defendants contended that they had learned that Plaintiffs concealed telephone numbers that they had at the time of accident and that telephone records that had recently been obtained showed that Plaintiffs were in contact with Cornelius

---

[2] On March 14, 2023, Defendants moved to set an emergency status conference, claiming that they recently received important information which could change the outcome of the case. Defendants contend that the trial court had ignored its request for status conference. However, Plaintiffs allege that the trial court denied the motion to continue trial at the status conference on March 23, 2023, and that motion was re-urged and denied prior to trial commencing.

Garrison ("Garrison"), "an indicted conspirator in over 50 staged accidents." Defendants alleged that proceeding with trial would allow Plaintiffs to commit fraud and profit from a scheme to defraud by staging the subject accident.[3]

The petition to annul contained additional information regarding the indictment and telephone records. The petition provided that the United States Attorney for the Eastern District of Louisiana and the Federal Bureau of Investigation began an investigation of staged motor vehicle accidents that occurred in Orleans Parish, and on September 18, 2020, a federal grand jury indicted Garrison and other individuals on six counts of mail fraud and one count of conspiracy to commit mail fraud involving lawsuits arising from staged motor vehicle accidents.[4] The petition further provided that the telephone numbers identified for Straughter and Alexander appears numerous times on telephone records of Garrison on the date of the subject accident. The petition also stated that the telephone numbers Straughter and Alexander provided in discovery were different than those on the telephone records of Garrison. The numbers that matched the Garrison telephone records were found in the medical records and accident report.[5]

Plaintiff opposed the motion to continue on March 22, 2023, arguing among other things, that the discovery deadline had passed and that Defendants were aware of the possible fraud prior to March 2023. Specifically, Plaintiffs claimed

---

[3] The motion to continue also referred to the allegations more fully set forth in the petition to annul.

[4] The record shows that the investigation is known as Operation Sideswipe.

[5] Defendants attached the accident report, the indictment of Garrison, Garrison's phone records for July 17, 2018, medical records of Alexander, as well as Plaintiffs' answers to interrogatories, to the petition for annulment.

that in Defendants' May 2021 discovery answers, Defendants noted that the instant suit had similarities with the accidents under investigation by the United States District Attorney for the Eastern District of Louisiana.[6]

On March 27, 2023, prior to trial, the trial court denied the motion, stating "Discovery closed in 2021. The motion to continue the trial is denied." The matter proceeded to jury trial and on March 29, 2023, the jury rendered a verdict in favor of Plaintiffs, awarding $985,000.00 to Straughter and $2,390,000.00 to Alexander. The trial court entered a judgment adopting the jury's verdict as the judgment of the court on April 13, 2023.[7] Defendants filed for a suspensive appeal. This appeal follows.[8]

**DISCUSSION**

Defendants assert five assignment of errors: (1) the trial court abused its discretion under La. C.C.P. art. 1601 in denying the motion to continue trial because there was evidence presented to the trial court that Plaintiffs were about to use the court and jury as an instrumentality of fraud and thus there was good grounds for a continuance; (2) the trial court abused its discretion under La. C.C.P. art 1602 in denying the motion to continue trial as there was discovery of preliminary evidence of fraud, which had been concealed by Plaintiffs and

---

[6] In their opposition, Plaintiffs included Defendant's discovery responses.

[7] In June 2023, Defendants filed a supplemental and amending petition to annul, wherein it sought to annul the April 13, 2023 judgment. On August 3, 2023, Defendants filed a motion to stay the instant appellate proceedings pending decision on amended petition to annul. On August 9, 2023, this Court denied the motion for stay, reserving Defendants' right to file a motion to stay proceedings in the future, in the event the petition to annul is granted or Plaintiffs become the subject of a criminal investigation. Defendants filed a writ application with the Louisiana Supreme Court, which was denied. *See Straughter v. Occidental Fire & Cas. Co. of N. Carolina*, 2023-01109, (La. 9/26/23), 370 So.3d 725.

[8] The trial court dismissed Defendants' petition to annul on March 7, 2024. Defendants filed a motion for appeal of that judgment, which the trial court granted on March 21, 2024. *See* n. 1.

warranted time to investigate the matter further; (3) the jury erred in awarding special damages that were in excess of the evidence of past and future medical expenses; (4) the general damage awards of $1,845,000.00 to Alexander and $665,000.00 to Straughter were excessive; and (5) no judgment can be rendered against an insurer pursuant to a policy that was not introduced into evidence.

However, because we find that the trial court abused its discretion in denying the motion to continue trial under La. C.C.P. art. 1601, we pretermit a discussion on the remaining assignments of error.

Motion to Strike

Prior to addressing the motion to continue, this opinion will first address the motion to strike filed by Plaintiff. After Defendants filed its brief in this Court, Plaintiffs filed a motion to strike on August 25, 2023, claiming that Defendants' brief contains references to facts and issues not included in the record for appeal. Plaintiffs argue that the issues asserted by Defendants in their statement of facts are out of the scope of review of this court and should be stricken pursuant to the Uniform Rules of this Court.

An appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. *See* La. C.C.P. art. 2164. "The record on this appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, judgments and other rulings, unless otherwise designated." *Chaplain v. Dimitri*, 2014-1081, p. 5 (La. App. 4 Cir. 8/5/15), 174 So.3d 222, 225 (quoting *Bd. of Dir. of the Indus. Dev. Bd. of the City of New Orleans v. All Taxpayers, Prop. Owners, Citizens of the City of New Orleans*, 2003-0827, p. 4 (La. App. 4 Cir. 5/29/03), 848 So.2d 733, 737). Further, "[a]ppellate courts are courts of record and may not review evidence that is not in

the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

This Court's opinions are based on our review of the record on appeal and we will not consider any improperly submitted content that is outside the record. Therefore, there is no need to strike any portion of the appellant brief. Accordingly, Plaintiffs' motion to strike is denied.

Motion to Continue Trial

Defendants contend that the trial court erred in denying the motion to continue because there was "good grounds" for continuance under La. C.C.P art. 1601 and because La. C.C.P art. 1602 mandates a continuance when a party has been unable, with the exercise of due diligence, to obtain evidence material to his case.

La. C.C.P. art. 1601 provides discretionary grounds for continuance and states that a "continuance may be granted in any case if there is good ground therefor." La. C.C.P. art. 1602 sets forth mandatory grounds for granting of a continuance and provides:

> A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.

"A trial judge has wide discretion in determining whether a motion for continuance should be granted; thus, the standard of review in such cases is abuse of discretion." *Doe v. Lewis*, 2020-0320, p. 3 (La. App. 4 Cir. 12/30/20), 312 So.3d 1165, 1169 (citing *Jordan v. Cmty. Care Hosp.*, 2019-0039, 2019-0040, pp. 22-23 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 582).

6

The trial court must weigh the particular facts of each case in deciding whether or not to grant a continuance, considering factors such as diligence, good faith, and reasonable grounds. *Succession of Feingerts*, 2017-0265, pp. 3-4 (La. App. 4 Cir. 12/21/17), 234 So.3d 1081, 1085 (citing *Howard v. Lee*, 50,366, p. 7 (La. App. 2 Cir. 1/13/16), 185 So.3d 144, 149). Other factors for the trial court to consider include: the opponent's right to have his case heard as soon as practicable, fairness to both parties, and the need for the orderly administration of justice. *See Allen v. Blind Pelican*, 2017-0833, p. 3 (La. App. 4 Cir. 3/14/18), 239 So.3d 376, 378 (citing *Rogers v. Hilltop Ret. & Rehab. Ctr.*, 2013-867, p. 4 (La. App. 3 Cir. 2/12/14), 153 So.3d 1053, 1058); *Davis v. Mayberry*, 2000-1266, p. 7 (La. App. 4 Cir. 11/28/01), 802 So.2d 974, 978 (citing *Gilcrease v. Bacarisse,* 26,318 (La. App. 2d Cir. 12/7/94), 647 So.2d 1219, 1221). "As in the trial court, an appellate review of such a determination requires consideration of the particular facts and circumstances of each case." *Davis*, 2000-1266, p. 7, 802 So.2d at 978 (*citing Bd. of Supervisors of LSU v. Holt*, 572 So.2d 759, 761 (La. App. 4th Cir.1990).

The Louisiana Supreme Court in *Sauce v. Bussell*, 298 So.2d 832, 834 (La. 1974), while recognizing the discretion vested with the trial court in deciding a motion to continue, cautioned that "it has never been held that such discretion is absolute or that it may be exercised arbitrarily." It further stated that appellate courts are "vested with the right and duty to correct such errors by the trial judge in matters of this kind." *Id*. "However, it should be pointed out that appellate courts only interfere in such matters with reluctance and in what are considered extreme cases." *Id*.; *See also Wilkerson v. Darden Direct Distribution, Inc.*, 53,263, p. 13 (La. App. 2 Cir. 3/4/20), 293 So. 3d 146, 154.

We find that the possibility of fraud being perpetrated on the judicial system warrants this Court's inference with the trial court's discretion and constitutes good cause for a continuance under La. C.C.P. art. 1601. The record shows that Garrison was an indicted conspirator in 50 staged motor vehicle accidents with 18-wheelers and the telephone records show that Plaintiffs had placed or received approximately 30 calls to and from Garrison on the day of the accident, both before and after the collision. The evidence thus suggests the real possibility of fraud, similar to the cases investigated by U.S. Attorney's Office. Nevertheless, the trial court permitted the trial to proceed and the jury ultimately rendered a verdict of over 3 million dollars in damages. We find the trial court abused its discretion in refusing to grant a continuance of the trial to allow Defendants to investigate the matter further. Moreover, the record shows that there were no prior continuances of the trial date in this case. Accordingly, the trial court erred in denying Defendants' motion to continue trial.

**CONCLUSION**

For the above stated reasons, we find that the trial court abused its discretion in denying the motion to continue trial. Accordingly, we reverse the trial court's ruling on the motion to continue, vacate the trial court's judgment, and remand with instructions that the trial court stay any further proceedings pending disposition of the forthcoming appeal.

**REVERSED, JUDGMENT VACATED, AND
REMANDED WITH INSTRUCTIONS**

8